IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BARRY TAUL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:14-CV-0061-VEH |
| | ) |
| **NAGLE ENTERPRISES, INC., et al,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

This case involves a *qui tam* action filed by the plaintiff-relator (Mr. Taul) under the False Claims Act, 31 U.S.C. §§ 3729-3733. Mr. Taul claims that the defendants ("the Nagels"), who owned and maintained a mortuary and crematory, conspired to defraud the federal government with a fabricated tissue recovery and kickback scheme they had allegedly concocted with a local organ donor center. The Nagels have filed the present Motion to Dismiss Mr. Taul's action under Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6). The Nagels variously argue that this court lacks subject matter jurisdiction over the action, that Mr. Taul's Complaint does not describe fraud with the requisite particularity, and that, more generally, the Complaint does not

allege facts upon which relief may be granted.

The Nagels' jurisdictional arguments directly implicate this court's ability to hear the case. The court must therefore address them first. The court finds that the Nagels are essentially mounting a factual attack on the court's subject matter jurisdiction. As disposing of this motion would necessarily entail the resolution of disputed facts, the court further concludes that Mr. Taul is entitled to discovery and a hearing on the issue before the court rules on it. Moreover, because the issue's resolution may itself foreclose Mr. Taul's action altogether, the court cannot address the Nagels' other arguments for dismissal at this juncture. For these reasons, the court will **DENY** their Motion to Dismiss.

## DISCUSSION

The False Claims Act "eliminates federal court jurisdiction over actions under § 3730 of the Act that are based upon the public disclosure of allegations or transactions unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 460 (2007). The Nagels cite this jurisdictional bar in urging the court to dismiss this case. Doc. 15 ¶ 7. There are two recognized avenues of attacking subject matter jurisdiction under Rule 12(b)(1): the first is "facial," and the second is "factual." The Eleventh Circuit has explained the distinction between these methods

in the following manner:

> A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.

*McElmurray v. Consol. Gov't of Augusta-Richmond City*, 501 F.3d 1244, 1250-51 (11th Cir. 2007) (internal citations and quotation marks omitted). In sum, a district court may dismiss an action for lack of subject matter jurisdiction under Rule 12(b)(1) on any of three bases:

- the complaint alone;

- the complaint supplemented by undisputed facts evidenced in the record; or

- the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).[1] In the latter case – that is, where a district court must make "factual determinations decisive of a motion to dismiss for lack of jurisdiction" – the court "<u>must</u> give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss."

---

[1] This authority is controlling in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

*Id.* at 414 (emphasis added); *accord McElmurray*, 501 F.3d at 1251 (citing *Williamson* in concluding that discovery was not necessary because the district court rightly treated the motion to dismiss as a facial jurisdictional attack and therefore only considered the complaint with its attached exhibits); *U.S. ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc.*, 906 F. Supp. 2d 1264, 1268-69 (N.D. Ga. 2012) ("To compensate for this broader scope of review, the former Fifth Circuit established that in a factual challenge, the Court must give the plaintiff an opportunity for discovery and for an appropriate hearing.") (citing *Williamson*, 645 F.2d at 414; *McElmurray*, 501 F.3d at 1251); *see also Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982) ("[T]he rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction.") (quoting *Blanco v. Carigulf Lines*, 632 F.2d 656, 658 (5th Cir. 1980)).

This situation presents itself here. Again, the False Claims Act bars jurisdiction over *qui tam* actions based on publicly-disclosed information unless the relator constitutes an original source of that information. The Act further defines an "original source" as "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § (e)(4)(B). In their Motion, the Nagels claim to be making

both a facial and factual attack on Mr. Taul's claimed identity as an original source. The Nagels state, "Defendants make a facial attack on the complaint, the allegations of which clearly show that [Mr. Taul] does not meet the criteria of a person with 'direct and independent knowledge of the information on which the allegations are based.'" Doc. 15 ¶ 10(a). Shortly afterward, they add, "Moreover, Defendants make a factual attack on jurisdiction by attaching hereto a complaint in a civil forfeiture action filed in this court against the Defendants." *Id.* (citing Doc. 15-1).

Regardless of how the Nagels label their jurisdictional challenge, the court finds it fundamentally factual in character. More importantly, it centers on facts highly disputed by both sides to this action. In his Complaint, Mr. Taul pleads specific facts that – if accepted as true – substantiate his identity as an original source under the statute. He maintains that, as an employee of the defendants in June 2009, he overheard them discussing their fraudulent kickback scheme with their relevant counterparts at the Alabama Organ Center. Doc. 1 ¶¶ 27-30. Mr. Taul then asserts that Jed Nagel himself told him "that it takes a little grease on some palms sometimes to make money" and that Nagel confessed to him the fraudulent scheme referenced above. In August 2010, Taul claims that he voluntarily informed the FBI of this scheme – before there was any

public disclosure.[2]

Considered altogether – and accepted as true – these assertions would permit Mr. Taul to survive a purely facial attack on this court's jurisdiction. The facts corroborate that he had direct and independent knowledge of the information on which he made his later allegations and that he voluntarily provided the information to the government before he filed the present action. So, to the degree the Nagels contest jurisdiction based solely on Taul's complaint and any undisputed facts in the record, such a challenge fails. But, the Nagels' jurisdictional challenge exceeds these confines. They quite clearly question the factual plausibility of Taul's narrative. *See, e.g.*, Doc. 15 ¶ 8. In their Motion, they dismiss Taul's allegations regarding:

- what he overheard in June 2009;

- what Jed Nagel purportedly admitted to him at that time; and

- when and why he approached the government

as "obviously contrived" and an "obvious effort to create jurisdiction." *Id.* These are quintessentially fact-based objections that enjoin the court to resolve fact-based disputes. Under controlling Eleventh Circuit law, the court must therefore allow Mr. Taul to conduct discovery and have a hearing on the jurisdictional issue. Because

---

[2]The civil forfeiture Complaint against the Nagels – attached by the Nagels here to their dismissal motion as evidence of a disqualifying public disclosure – was filed by the federal government on March 5, 2012. Doc. 15-1 at 17.

satisfying the False Claim Act's jurisdictional bar is obviously a prerequisite to the survival of the rest of Mr. Taul's other claims, dismissing his action without permitting such procedural safeguards as discovery and a hearing would be unjustifiably premature.

## CONCLUSION

For the foregoing reasons, the court hereby **DENIES** the Nagels' Motion to Dimiss. The court will enter a separate scheduling order reflecting its determinations on deadlines for the referenced discovery and hearing.

**DONE** and **ORDERED** this the 17th day of September, 2014.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge