IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARRY TAUL, ex rel., UNITED STATES OF AMERICA, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 2:14-CV-0061-VEH |
| NAGEL ENTERPRISES, INC., et al., ) ) ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

This False Claims Act ("FCA") case is set for trial beginning January 29, 2018. The FCA allows private citizens, known as relators, to bring lawsuits on behalf of the Government against companies and individuals that allegedly have defrauded the Government. Barry Taul (hereinafter "Plaintiff") is the relator in this action. The Defendants are Nagel Enterprises, Inc. and Jed Nagel (collectively, "Defendants").

The case is now before this Court on the Defendants' Motion for Judgment on the Pleadings (the "Motion"), doc. 136, filed on December 28, 2017. The Motion is untimely pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which provides that "[a]fter the pleadings are closed--but early enough not to delay

trial--a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). Given the pending trial date, the deadline to file motions, exhibit lists, and witness lists, and given the Court's briefing order applicable to all potentially dispositive motions, set out in its Uniform Initial Order, consideration of the Motion, if briefing were to occur as set out in that briefing order, will delay trial.[1] It also is filed after the deadlines set out in the Court's Scheduling Order and has been filed without even asking the Court to reopen that Order, much less any showing by the Defendants that they meet the standard for such re-opening. Additionally, the Motion fails on the merits.

The Defendants have filed multiple (timely) motions to dismiss and for summary judgment, and one (permitted-by-this-court but otherwise untimely) motion for judgment on the pleadings, all of which have been ruled upon. More specifically, Defendants have filed four sets of potentially dispositive motions.

First, Defendants filed a Motion To Dismiss (doc. 15) the claims in the Initial Complaint (doc. 1). After the Court denied that motion, the Relator filed an Amended Complaint. (Doc. 47).

Second, Defendants moved for summary judgment in July 2015. (Doc. 61). The Court (1) granted the motion as to Plaintiff's retaliation claims other than those

---

[1] Defendants have not asked the Court to shorten the deadlines for such briefing.

based on the events of Fall 2012, finding that all such pre-Fall 2012 claims were time-barred; (2) <u>denied summary judgment on all other claims on all asserted bases, including that they were time-barred</u>; and (3) granted summary judgment against Defendants and in favor of the Plaintiff on the issues of release, accord, and satisfaction. (Doc. 80).

Third, in October 2016, Defendants filed a motion to dismiss for lack of jurisdiction, <u>claiming that the statute of limitations had expired on all claims</u>. (Doc. 85). The Court granted in part and denied in part and specified that the following claims remain for trial:

<u>Counts I, II, and III</u>: FCA claims brought pursuant to 31 U.S.C. §§ 3729(a)(1)(A-C), occurring <u>after January 13, 2008</u>;

<u>Count IV</u>: FCA retaliation claims <u>after Fall 2012</u>;

<u>Count V</u>: FCA claims based on violations of the Anti-Kickback Statute, where such violations occurred <u>after January 13, 2008</u>.

(Doc. 98).[2,3]

Fourth, the Court permitted Defendants to file a motion for judgment on the

---

[2] In its Opinion, the Court explained its reasons for finding that <u>all other claims were time-barred</u>.

[3] These claims were also set out in the Court's final pretrial Order (doc. 115), which was entered after a pretrial conference with the parties on August 3, 2017.

pleadings on the specific issue of "whether retaliation claims under Section 3730(h) of the False Claims Act may only be brought by employees as to the terms and conditions of their employment, thereby barring recovery for any post-employment retaliation claim." (Doc. 114). The Defendants filed a motion for judgment on the pleadings. (Doc. 116). The Court granted that motion on November 1, 2017, and granted judgment to the Defendants as to Plaintiff's remaining claims in Count IV (FCA retaliation claims after Fall 2012). (Doc. 120).

The same statute of limitations argument raised in the current Motion has previously been raised by the Defendants and addressed by this Court. The Defendants have presented no additional facts or law to call this Court's prior rulings on this issues into question, nor does their Motion meet the standard applicable to a motion for reconsideration.

Accordingly, the Motion is **DENIED** as: (1) untimely under Rule 12(c); (2) untimely under the Court's Scheduling Order (and with no request that the Scheduling Order be re-opened, nor any showing that the Scheduling Order is due to be re-opened); (3) an untimely and insufficiently developed motion for reconsideration of the Court's prior rulings; and (4) on the merits, for the reasons previously stated by the Court in its prior rulings.

**DONE** and **ORDERED** this the 2nd day of January, 2018.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge