FILED
2019 Feb-20 PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BARRY TAUL, ex rel., UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:14-CV-0061-VEH ) |
| NAGEL ENTERPRISES, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This is a civil action initiated by Plaintiff Barry Taul, ex rel., United States of America, against Defendants Nagel Enterprises, Inc., and Jed Nagel. However, on October 21, 2018, Mr. Nagel died. (*See* doc. 233-1 at 1) (*see also* doc. 225-1 at 2-3). Mr. Nagel died intestate, and, at the time of his death, he was domiciled in Michigan. (*See* doc. 233-2 at 3). On November 27, 2018, a Michigan probate court appointed one of his daughters, Laura E. Nagel, as the personal representative for his Estate. (*Id.*)

Before the Court are four motions: (1) Plaintiff's Motion To Substitute Party Defendant and Appoint Administrator Ad Litem (doc. 226) (the "Motion To Appoint Administrator Ad Litem") filed on November 5, 2018; (2) Plaintiff's

Supplemental Motion To Substitute Party Defendant and Appoint Administrator Ad Litem (doc. 230) (the "Supplemental Motion To Appoint Administrator Ad Litem") filed on December 3, 2018; (3) Laura E. Nagel's Motion for Substitution (doc. 233) filed on December 19, 2018; and (4) Plaintiff's Renewed Motion To Substitute Party Defendant and Appoint Administrator Ad Litem (doc. 234) (the "Renewed Motion To Appoint Administrator Ad Litem") filed on December 20, 2018.

Because Plaintiff filed his Renewed Motion To Appoint Administrator Ad Litem, which includes the arguments he made in his previous two motions, his Motion To Appoint Administrator Ad Litem and his Supplemental Motion To Appoint Administrator Ad Litem are **DENIED AS MOOT**.[1]

This leaves two motions for the Court to rule on: Ms. Nagel's Motion for Substitution and Plaintiff's Renewed Motion To Appoint Administrator Ad Litem.

In her Motion for Substitution, Ms. Nagel requests that the Court, pursuant

---

[1] More specifically, Plaintiff's Motion To Appoint Administrator Ad Litem was filed before Ms. Nagel was appointed personal representative of Mr. Nagel's Estate. (*See* Docket Sheet). Thus, it is moot to the extent it requests that the Court appoint an administrator ad litem because "there [was] no known personal representative." (*See* doc. 226 at 2, ¶ 3). To the extent Plaintiff's Motion To Appoint Administrator Ad Litem and his Supplemental Motion To Appoint Administrator Ad Litem request that the Court appoint an administrator ad litem because no ancillary estates have been opened in Alabama and Georgia and thus there are no personal representatives for those estates, these motions are moot because Plaintiff makes the same argument in his Renewed Motion To Appoint Administrator Ad Litem. (*See* doc. 226; doc. 230; doc. 234 at 4, ¶ 14).

to Federal Rule of Civil Procedure 25(a) "substitute[]" "Laura E. Nagel, as personal representative of the Estate of Jed Nagel, . . . for [Mr. Nagel]." (Doc. 233 at 2).[2]

In his Renewed Motion To Appoint Administrator Ad Litem, Plaintiff requests that the Court, pursuant to Federal Rule of Civil Procedure 25(a) and Alabama Code § 43-2-250, "substitut[e] [Mr. Nagel] with an administrator ad litem as a party defendant." (Doc. 234 at 5).

For the reasons stated in this Opinion, Ms. Nagel's Motion for Substitution is due to be **GRANTED**, and Plaintiff's Renewed Motion To Appoint Administrator Ad Litem is due to be **DENIED**.

## I. STANDARD

Federal Rule of Civil Procedure 25(a) provides in relevant part as follows:

**(a) Death.**

> **(1)** *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or

---

[2] In the opening paragraph of her Motion for Substitution, Ms. Nagel requests that the Court "substitute the Estate of Jed Nagel for defendant Jed Nagel." (Doc. 233 at 1). The Court cannot do so because "[a] decedent's estate is not a legal entity." 31 Am. Jur. 2d Executors and Administrators § 3. However, in the Wherefore Clause of her Motion for Substitution, Ms. Nagel requests that she be substituted for Mr. Nagel. (Doc. 233 at 2). The Court will treat the Wherefore Clause as controlling and construe the Motion for Substitution as requesting that Ms. Nagel, as personal representative of the Estate of Jed Nagel, be substituted for Mr. Nagel.

3

representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

. . .

**(3) *Service.*** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

FED. R. CIV. P. 25(a)(1), (a)(3).

Alabama Code § 43-2-250 provides as follows:

When, in any proceeding in any court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case or shall be made known to the court by the affidavit of any person interested therein.

Ala. Code § 43-2-250. In construing Alabama Code § 43-2-250, the Supreme Court of Alabama has noted its limited application:

[T]he strict interpretation of § 43–2–250 admits of two, and only two, circumstances where it is appropriate for a court to appoint an administrator ad litem. The first is when the estate of a deceased person must be represented and there is no executor or administrator of such estate; the second is when the estate of a deceased person must be represented and the executor or administrator is interested adversely to the estate.

*Golden Gate Nat'l Senior Care, LLC v. Roser*, 94 So. 3d 365, 370 (Ala. 2012) (emphases omitted).

## II. ANALYSIS

The Court notes that the disagreement between Plaintiff and Ms. Nagel is about the "proper party" who should be substituted as a party defendant. *See* FED. R. CIV. P. 25(a)(1). However, the Court will first address whether the motions have met Rule 25(a)'s procedural requirements. The Court will then address who should be substituted for Mr. Nagel as a party defendant.

### A. Rule 25(a)'s Procedural Requirements Are Met

Rule 25(a) contains four procedural requirements: (1) the claim is not extinguished by the party's death; (2) the motion for substitution is made by the proper person; (3) the motion for substitution is timely; and (4) the motion for substitution was properly served. *See id.*

#### 1. The False Claims Act Claims Were Not Extinguished by Mr. Nagel's Death

The first requirement is that "the claim [must not be] extinguished" by the party's death. FED. R. CIV. P. 25(a)(1). Here, the False Claims Act claims brought against Mr. Nagel survive his death. *See United States v. NEC Corp.*, 11 F.3d 136, 137 (11th Cir. 1993) (noting that "the FCA is remedial with respect to the

government's recovery against the defendant" and thus False Claims Act claims survive the defendant's death). Accordingly, this first requirement is met.

### 2. **Both Motions Were Made By a Proper Person**

The second requirement is that the motion must be made by the proper person. *See* FED. R. CIV. P. 25(a)(1). More specifically, the motion must "be made by any party or by the decedent's successor or representative." *Id.* Here, Ms. Nagel's Motion for Substitution was brought by Ms. Nagel, who is the personal representative of Mr. Nagel's Estate. Plaintiff's Renewed Motion To Appoint Administrator Ad Litem was brought by Plaintiff, who is a party. Accordingly, both motions meet this second requirement.

### 3. **Both Motions Are Timely**

The third requirement is that the motion must be timely. *See id.* More specifically, the motion must be "made within 90 days after service of a statement noting the death" of the party. *Id.* This ninety-day period does not begin to run until "a notice of death is filed and properly served." *See Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1011 (11th Cir. 2017); *see also* FED. R. CIV. P. 25(a)(1), (a)(3); *Schmidt v. Merrill Lynch Tr. Co.*, No. 07-382, 2008 WL 2694891, at *2-3 (M.D. Fla. June 30, 2008). Service is proper if the notice of death is served "on the parties as provided in Rule 5 and on nonparties as provided

in Rule 4." FED. R. CIV. P. 25(a)(3). The nonparties that must be served are those "with a significant financial interest in the case, namely the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been)." *Breen v. Chao*, 322 F.R.D. 427, 430 (D.D.C. 2017) (alteration in original) (quoting *Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008)).

Here, Plaintiff filed a Suggestion of Death (doc. 225) into the record on November 2, 2018. However, the record does not indicate that the Suggestion of Death was served on any nonparties as provided in Rule 4. (*See* Docket Sheet). Instead, the record only indicates that the Suggestion of Death was served on the attorneys for Defendants as provided in Rule 5. (*See* doc. 225 at 2). Therefore, the ninety-day period never began to run, and both motions are timely. Alternatively, even if the ninety-day period did begin to run on November 2, 2018, both motions are still timely because they were filed in December, which is before the ninety-day period ran. Accordingly, both motions meet this third requirement.

> **4.  Ms. Nagel's Motion for Substitution Was Properly Served, and the Court Will Assume That Plaintiff's Renewed Motion To Appoint Administrator Ad Litem Was Properly Served**

The fourth requirement is that the motion must be properly served. *See* FED. R. CIV. P. 25(a)(3). More specifically, the "motion to substitute[] . . . must be

served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." *Id.* The Court notes that, in this case, there are two parties—(1) Plaintiff and (2) Defendant Nagel Enterprises, Inc.—and one nonparty—(3) Ms. Nagel—that must have been served.

For Ms. Nagel's Motion for Substitution, Ms. Nagel had to serve Plaintiff and Defendant Nagel Enterprises, Inc. Because they are both parties, Ms. Nagel only had to serve them as provided in Rule 5, which she did. (*See* doc. 233 at 3). Accordingly, Ms. Nagel's Motion for Substitution meets the fourth requirement.

For Plaintiff's Renewed Motion To Appoint Administrator Ad Litem, Plaintiff had to serve Defendant Nagel Enterprises, Inc., and Ms. Nagel. Here, the record only indicates that service was made "using the CM/ECF system." (*See* doc. 234 at 6). Because Defendant Nagel Enterprises, Inc., is a party, Plaintiff only had to serve it as provided in Rule 5, which he did. (*See id.*) However, because Ms. Nagel was a nonparty at the time of service, she had to be served as provided in Rule 4. While Plaintiff makes no representations that he served Ms. Nagel as provided in Rule 4, the Court recognizes that this is an unusual case because Ms. Nagel was already represented by counsel and had filed her own motion. Further, Ms. Nagel does not object to service. Accordingly, the Court will assume without

deciding that Plaintiff also properly served Ms. Nagel.[3]

### B. The Court Will Grant Ms. Nagel's Motion for Substitution and Deny Plaintiff's Renewed Motion To Appoint Administrator Ad Litem Because Ms. Nagel—Not an Administrator Ad Litem—Is the Proper Party To Be Substituted for Mr. Nagel

Because the Court has addressed Rule 25(a)'s procedural requirements, the Court will now determine who should be substituted as a party defendant. Rule 25(a)(1) states that "the court may order substitution of the proper party." Ms. Nagel argues in her Motion for Substitution that she "is due to be substituted for [Mr. Nagel]." (Doc. 233 at 2). However, Plaintiff argues in his Renewed Motion To Appoint Administrator Ad Litem that the Court should appoint and substitute an administrator ad litem. (Doc. 234 at 5). The Court agrees with Ms. Nagel and will substitute Ms. Nagel, as personal representative of the Estate of Jed Nagel, for Mr. Nagel.

The Court will first address why it will substitute Ms. Nagel. The Court will then address why it will not appoint or substitute an administrator ad litem.

#### 1. The Court Will Substitute Ms. Nagel

Attached to Ms. Nagel's Motion for Substitution are Letters of Authority

---

[3] Because the Court will deny Plaintiff's Renewed Motion To Appoint Administrator Ad Litem on the grounds that Plaintiff has failed to show that the Court must appoint an administrator ad litem in this case, *see infra* Section II.B, the Court does not need to decide whether service was proper.

(doc. 233-2) that were issued by a Michigan probate court and that name her the personal representative of the Estate of Jed Nagel. (*See id.* at 1, 3). Further, as the Court will explain later when addressing Plaintiff's Renewed Motion To Appoint Administrator Ad Litem, Plaintiff has failed to show that Ms. Nagel is not the proper party to be substituted. Accordingly, the Court finds that Ms. Nagel is the proper party and will substitute her for Mr. Nagel. *See Blevins v. Aksut*, No. 15-120, 2017 WL 6030080, at *7 (S.D. Ala. Nov. 17, 2017) ("In the motion to substitute filed on July 31, 2017[] . . . ., counsel moves to substitute Jeanette Curry as the personal representative for Ruby Mae Kinney in this case, and attaches Letters of Administration recognizing Ms. Curry as the personal representative of Plaintiff Kinney's estate. . . . Therefore, under Rule 25, Ms. Curry is entitled to be substituted as Ms. Kinney's personal representative and as the proper party in this action." (citation omitted)), report and recommendation adopted, No. 15-120, 2017 WL 6029609 (S.D. Ala. Dec. 4, 2017).

### 2. The Court Will Not Appoint or Substitute an Administrator Ad Litem

The Court first notes that no administrator ad litem has been appointed by any state probate court. Thus, the only way for the Court to substitute an administrator ad litem for Mr. Nagel at this time would be if the Court were to

appoint an administrator ad litem. Plaintiff only cites Alabama Code § 43-2-250 in support of his request that the Court appoint an administrator ad litem. (*See* doc. 234). However, the Court will not do so for two alternative reasons. First, Plaintiff cites no legal authority and presents no argument as to why Alabama Code § 43-2-250 applies in federal court. Alternatively, assuming that Alabama Code § 43-2-250 does apply in federal court, Plaintiff has failed to show that its requirements are met.

        a.        <u>Plaintiff Cites No Legal Authority for Why Alabama Code § 43-2-250 Applies in Federal Court</u>

First, Plaintiff cites no legal authority and presents no argument as to why Alabama Code § 43-2-250 applies in federal court and authorizes this Court to appoint an administrator ad litem. Accordingly, this issue is waived. *Patrick v. City of Birmingham*, No. 09-1825, 2010 WL 11468979, at *2 (N.D. Ala. Oct. 28, 2010) ("[T]he failure to reference any legal authority constitutes an undeveloped argument and waives the issue." (citing *Flanigan's Enters., Inc. v. Fulton Cty.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue

before the court))). In fact, "[t]he prayer to appoint an 'administrator ad litem' to represent the estate is perhaps unavailable in a federal court." *Strickland v. Peters*, 120 F.2d 53, 56 (5th Cir. 1941);[4] *see also Smith v. Schneider Nat'l Carriers, Inc.*, No. 09-658, 2009 WL 10703357, at *1 n.1 (N.D. Ala. July 15, 2009) (distinguishing and finding unpersuasive the cases the plaintiff cited to show that Alabama Code § 43-2-250 applies in federal court).

> b. <u>Alternatively, Plaintiff has failed to show that the requirements of Alabama Code § 43-2-250 are met</u>

Alternatively, assuming that Alabama Code § 43-2-250 does apply in federal court, Plaintiff has failed to show that its requirements are met. In Plaintiff's Renewed Motion To Appoint Administrator Ad Litem and in the attached Affidavit (doc. 234-2) of Larry A. Golston, Jr., who is Plaintiff's counsel, Plaintiff and his attorney present two arguments as to why, under Alabama Code § 43-2-250, an administrator ad litem is necessary here. The first argument is that Ms. Nagel is "interested adversely to the estate of Jed L. Nagel." (Doc. 234 at 3, ¶¶ 6-13, 15). The second argument is that Ms. Nagel has only opened an estate in Michigan but has not opened any ancillary estates in Alabama or Georgia, where

---

[4] This is binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding on all federal courts in the Eleventh Circuit).

Mr. Nagel owned real property, and an administrator ad litem could open such ancillary estates. (Doc. 234 at 3, ¶ 14; doc. 234-2 at 2-4, ¶¶ 1-3). The Court will address these arguments in turn.

### i. *Ms. Nagel Is Not Interested Adversely to Mr. Nagel's Estate*

Plaintiff's argument that Ms. Nagel is interested adversely to Mr. Nagel's Estate is as follows:

> 12. Clearly, [Laura] E. Nagel is interested adversely to the Estate of Jed L. Nagel. As a judgment creditor, the judgment obtained in this Court by United States Government (and the Relator) against Defendant is due to be satisfied from Nagel's estate.
>
> 13. However, as one of three heirs of Nagel who may be entitled to receive a portion of his estate through intestacy laws, [Laura] Nagel has interest adverse to the estate. Simply put, Ms. Nagel's interest as a beneficiary of the estate are squarely at odds with her responsibility to ensure judgment creditors are paid prior to any disbursement of proceeds to Jed Nagel's heirs.
>
> 15. In asking this Court to substitute the Michigan Estate of Jed L. Nagel for Defendant Nagel (an estate in which [Laura] Nagel has been appointed as personal representative), Ms. Nagel is asking this Court to simply trust that she can and will put the interest of said estate (i.e. paying the estate's creditors) ahead of her own interest as a beneficiary (i.e. receiving the most amount possible from her father's estate). This Court should reject Ms. Nagel's motion and appoint an Administrator Ad Litem.

(Doc. 234 at 4-5, ¶¶ 12-13, 15).

The Court notes that Plaintiff fails to provide any legal authority as to why

13

Ms. Nagel's status as one of Mr. Nagel's heirs makes her "interested adversely" to Mr. Nagel's Estate as contemplated by Alabama Code § 43-2-250. (*See* doc. 234). "[T]he failure to reference any legal authority constitutes an undeveloped argument and waives the issue." *Patrick*, 2010 WL 11468979, at *2. Accordingly, the Court rejects Plaintiff's argument for this reason.

Alternatively, the Court rejects Plaintiff's argument because it finds that Ms. Nagel is not "interested adversely" to the Estate. However, the Court first notes that it is not sure what exactly Plaintiff is arguing. Therefore, the Court will construe Plaintiff's argument in two ways. The Court will first construe Plaintiff's argument to be that Ms. Nagel is "interested adversely" to the Estate because, since she is one of Mr. Nagel's heirs, she may neglect her duty to pay the Estate's judgment creditors first and instead may pay the Estate's successors first. The Court rejects this argument. Plaintiff cites no authority for his argument that a personal representative is "interested adversely" to an estate when the estate has judgment creditors and the personal representative is an heir. Further, the Court will not find that Ms. Nagel is "interested adversely" to the Estate based on Plaintiff's unsupported concern that Ms. Nagel will neglect her duty. *See Thames v. Thames*, 183 So. 3d 168, 181 (Ala. Civ. App. 2015) (affirming a probate court's appointment of a personal representative instead of an administrator ad litem

because there were "no[] alleg[ations] [of] any specific wrongdoing on the part of [the personal representative]" and because a court "is not required to assume that a personal representative will breach" her duty to the estate).

The Court will next construe Plaintiff's argument to be that Ms. Nagel is "interested adversely" to the Estate because, since she is one of Mr. Nagel's heirs, she will want to pay the judgment creditors as little as possible. The Court also rejects this argument. It is black letter law that, "[g]enerally, an administrator ad litem is a fiduciary charged with acting in the best interests of the successors to an estate." *Campbell v. J.R.C.*, No. 17-385, 2018 WL 5094997, at *7 (Ala. Oct. 19, 2018) (Bolin, J., concurring in the result) (emphasis omitted) (quoting 31 Am. Jur. 2d Executors and Administrators § 1050 (2002)). Clearly, it is in the best interests of the successors of Mr. Nagel's Estate that the judgment creditors be paid as little as possible so that more is left for them. Accordingly, the fact that Ms. Nagel, as one of Mr. Nagel's three heirs, would like to pay the judgment creditors as little as possible does not mean that she is interested adversely to the Estate. Quite to the contrary, it means that her interests are aligned with the Estate's interest.

      ii. *The Appointment of an Administrator Ad Litem by a Federal Court Is Not Necessary When No Ancillary Estates Have Been Opened*

Again, the Court notes that Plaintiff fails to provide any legal authority as to

why the appointment an administrator ad litem by a federal court is necessary when no ancillary estates have been opened. "[T]he failure to reference any legal authority constitutes an undeveloped argument and waives the issue." *Patrick*, 2010 WL 11468979, at *2. Accordingly, the Court rejects Plaintiff's argument for this reason.

Alternatively, the Court rejects Plaintiff's argument because it is not necessary for a federal court to appoint an administrator ad litem when no ancillary estates have been opened. This is because, even if this Court were to appoint an administrator ad litem, the administrator ad litem would be appointed "only for the limited purpose of representing the [Estate of Mr. Nagel] in this case" and not for the purpose of opening any ancillary estates. *Great Am. Ins. Co. v. Am. Owens, Inc.*, 425 F. Supp. 2d 1278, 1280 (M.D. Ala. 2006). More specifically, in *Great American Insurance Co.*, the federal district court had previously appointed an administrator ad litem[5] and had to address whether the administrator ad litem could recover $16,833.41 in fees and expenses. *Id.* at 1279-

---

[5] The Court notes that in *Great American Insurance Co.*, a federal district court appointed an administrator ad litem. Notably, however, the district court noted that "*Alabama Code* § 43-2-250 was incorrectly cited as authority for the [motion to appoint an administrator ad litem]." 425 F. Supp. 2d at 1279. The district court never clarified what the correct authority was. Accordingly, especially since Plaintiff did not cite this case (or any case), this does not change the Court's analysis earlier in this Opinion regarding the applicability of Alabama Code § 43-2-250 in federal court.

80. The Plaintiff argued that "no fees should be awarded" because "the Administrator Ad Litem did not discharge all of her duties to open the estate and locate estate assets." *Id.* at 1280. "The Administrator Ad Litem . . . responded that she was not responsible for opening an estate under the scope of her responsibilities as defined in *Ala.Code* § 43-2-250." *Id.* In analyzing the issue, the district court stated as follows:

> The court agrees that <u>the duties identified by [the plaintiff][, including opening the estate,] were not contemplated by the statute</u> . . . . [T]he Administrator Ad Litem was appointed only for <u>the limited purpose of representing the Estate of F. Neal Owens in this case</u>, pursuant to *Ala.Code* § 43-2-250. She was not appointed a general Administrator by a Probate Court. Her duties were limited to those set out in the statute under which she was appointed. [The plaintiff] has confused the role of Administrator Ad Litem under § 43-2-250 with that of a general Administrator appointed by a state Probate Court under *Ala.Code* § 43-2-42.

*Id.* (emphases added).

Further, to the extent Plaintiff is arguing that the ancillary estates in Alabama and Georgia should be represented in this action, in addition to the domiciliary estate in Michigan being represented, the Court notes that Plaintiff cites no authority for this argument. Therefore, this argument is waived. *Patrick*, 2010 WL 11468979, at *2. Further, Plaintiff states that ancillary estates in Alabama and Georgia have not been opened (doc. 234 at 4, ¶ 14), and the Court

will not appoint an administrator ad litem to represent estates that have not been opened.

Accordingly, even assuming that Alabama Code § 43-2-250 applies in federal court, its requirements have not been met.

## III. CONCLUSION

For the reasons stated above, it is **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Plaintiff's Motion To Appoint Administrator Ad Litem is **DENIED AS MOOT**.

2. Plaintiff's Supplemental Motion To Appoint Administrator Ad Litem is **DENIED AS MOOT**.

3. Plaintiff's Renewed Motion To Appoint Administrator Ad Litem is **DENIED**.

4. Ms. Nagel's Motion for Substitution is **GRANTED**.

5. Laura E. Nagel, as personal representative of the Estate of Jed Nagel, is **SUBSTITUTED** for Jed Nagel as a party defendant.

**DONE** and **ORDERED** this the 20th day of February, 2019.

                                                                       */s/ Virginia Emerson Hopkins*
                                               **VIRGINIA EMERSON HOPKINS**
                                               Senior United States District Judge